**SHENXING ZENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–1578–ag.

United States Court of Appeals, Second Circuit.

June 3, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

David Z. Su, Monterey Park, CA, for Petitioner.

James A. Hurley, Office of Immigration Litigation for Stephen J. Flynn, Senior Litigation Counsel, Office of Immigration Litigation, and Peter D. Keisler, Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shenxing Zeng ("Zeng"), a native and citizen of the People's Republic of China, seeks review of a March 21, 2007 order of the BIA affirming the July 17, 1997 decision of Immigration Judge ("IJ") Annette Elstein denying Zeng's application for asylum and withholding of deportation.[2] *In re Shenxing Zeng*, No. A74 153 662 (B.I.A. Mar. 21, 2007), *aff'g* No. A74 153 662 (Immig. Ct. N.Y. City July 17, 1997). We assume the parties' familiarity

**2.** The BIA initially dismissed Zeng's appeal in November 2001. Nevertheless, because the BIA's 2001 decision was mistakenly mailed to an incorrect address, the BIA *sua sponte* va-

cated the November 2001 order and incorporated by reference the text of the vacated order into the March 2007 order dismissing Zeng's appeal.

with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, "but its brief opinion closely tracks the IJ's reasoning," we may consider both the IJ's and the BIA's opinions "for the sake of completeness" if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). Although this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005), "we may affirm an adverse credibility finding even when the IJ's reasoning is deficient in certain respects, provided that despite any errors ... we can state with confidence that the same decision would be made if we were to remand." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

■ We conclude that the IJ's adverse credibility determination was supported by substantial evidence. The IJ properly found that while Zeng testified on cross-examination that he was served with a summons to appear at a police station, he omitted this information from his asylum application and from his testimony on direct examination. The IJ also found that while Zeng stated in his asylum application that he "met frequently with the human rights activists," he omitted this fact from his testimony. These omissions are mate-rial and substantial when measured against the record as a whole, where a key basis of Zeng's alleged well-founded fear claim is that he will be arrested by the police if he returns to China due to his past anti-government activities. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). As a result, the IJ did not err by relying on these omissions to support her adverse credibility determination.

■ Moreover, the IJ found implausible Zeng's claim that he did not know where he was from the time he left China in October 1995 until he arrived in the United States in July 1996. This implausibility finding was not impermissible, because the IJ evaluated Zeng's testimony using her "common sense and ordinary experience" that it is implausible that one could "not have any idea" where they were during a nine month time period. *Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007). Hence, the IJ did not err by relying on this implausibility to support her adverse credibility determination.

■ The IJ further supported her adverse credibility determination by referencing two minor inconsistencies in Zeng's testimony. First, the IJ found that Zeng testified inconsistently regarding where he hid following the attempt by the police to arrest him. Second, the IJ found Zeng testified inconsistently regarding the name of the flour factory where he worked. The IJ refused to credit Zeng's explanations for these inconsistencies, and there is nothing in the record that would compel a reasonable fact-finder to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). As a result, the IJ did not err by relying on these inconsistencies to support her adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("Even where an IJ relies on discrepancies or lacunae that, if taken sep-

arately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder.") (internal quotation marks and citation omitted). Having called Zeng's testimony into question, the agency also properly found that his failure to provide corroborative evidence, such as letters from his family or copies of the pamphlets that he passed out to co-work-·ers in China, rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen,* 471 F.3d at 341.

While the IJ's decision is not without error, remand would be futile in this case, as we can confidently predict that the agency would reach the same conclusion on remand. *See Xiao Ji Chen,* 471 F.3d at 339. When considered as a whole, the agency's error-free findings provided substantial evidence in support of the adverse credibility determination.

Because the only evidence of a threat to Zeng's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of deportation. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.